IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JEFFERY DINNEBIER, | : Civil Action No. C09-3080DEO |
| Plaintiff, | : |
| vs. | : |
| CENTRAL PORTFOLIO CONTROL, INC., | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, by his attorney, Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. ("State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Jeffery Dinnebier, is a natural person now residing in Mason City, Iowa.

4. Defendant, Central Portfolio Control, Inc., is a debt collector that does business in Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Central Portfolio Control, Inc. is attempting to collect an alleged debt from Dinnebier.

7. On or about October 20, 2009, Dinnebier's attorney sent Central Portfolio Control, Inc. a letter stating that all communication with Mr. Dinnebier should cease immediately or be directed to him.

8. Despite the no contact letter, Central Portfolio Control, Inc. directly contacted Dinnebier on several occasions in an attempt to collect the debt.

## V. FIRST CLAIM FOR RELIEF

9. All facts and allegations of this Complaint are incorporated herein by reference.

10. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with a debtor when the debt collector knew the debtor was represented by an attorney.

11. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Plaintiff's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

14. With regard to the attempts to collect from Plaintiff as alleged herein, Defendant was a "debt collectors" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

15. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant were violations of Iowa Code § 537.7103, including but not limited to:

    a. Defendant violated Iowa Code § 537.7103(5)(e) by communicating with a debtor when the debt collector knew the debtor was represented by an attorney.

16. As a proximate result of the unfair debt collection, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be proven at trial.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

    B. Actual and statutory damages pursuant to Iowa Code § 537.5201(1).

    C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

    D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090

3

Fax: (515) 222-2656
Johnsonlaw29@aol.com

4